**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**ENMANUEL BLANCO LEYVA** — **PETITIONER**

**v.** — **No. 3:26-cv-517-BJB**

**JEFF TINDALL, ET AL.** — **RESPONDENTS**

* * * * *

**OPINION & ORDER**

Enmanuel Blanco Leyva is a Cuban citizen who lives in the United States despite not being admitted into the country by immigration authorities. *See* Petition (DN 1) at 5. According to his habeas corpus petition, ICE agents detained him after "Kentucky authorities" charged him with receiving stolen property. *Id.* at 6. Then they moved him to a detention facility in Oldham County while his removal proceedings progressed. *Id.* at 7. Leyva eventually filed a writ of habeas corpus with this Court, alleging that his detention runs afoul of both the United States Constitution and Congress' limited authorization of pre-removal detention. *Id.* at 8–11.

Before Leyva filed his petition, however, the immigration judge overseeing his case ordered his removal. *See* Motion to Stay Removal (DN 11) at 2. Leyva now asks this Court to stay the removal order pending adjudication of his habeas petition because removal would "effectively moo[t] his constitutional habeas claims and destro[y] his pending application for adjustment of status under the Cuban Adjustment Act." *Id.* at 3.

But Leyva identifies no law authorizing this Court to grant his request for a stay. Nor can the Court perceive any reason that would warrant judicial intervention in Leyva's removal proceedings.

Generally, federal immigration regulations automatically stay a removal order for 30 days so that the subject of the order can appeal the immigration judge's determination. 8 C.F.R. § 1003.6(a). During an appeal, the Board of Immigration Appeals has the discretion to extend the stay. § 1003.6(b). After the BIA issues a decision, federal courts of appeals may stay removal orders during their review. 8 U.S.C. § 1252(b)(3)(B).

Yet none of the rules authorizing those tribunals (which are charged with adjudicating appeals from removal orders) to stay removal give like power to the federal district courts (which are barred from adjudicating appeals from removal

orders). Congress has clearly limited this Court's jurisdiction: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). Congress "enacted [this provision] to limit the jurisdiction of federal courts," and that jurisdictional limitation forbids them to enjoin the Government's execution of removal orders. *Hamama v. Adducci*, 912 F.3d 869, 874–75 (6th Cir. 2018). So this Court has no statutory authorization to grant the relief that Leyva seeks—and indeed lacks jurisdiction to consider his relief request, regardless of its source in positive law or equity.

Notably, Leyva's petition addresses only the lawfulness of his detention, not his removability. *See* Petition at 14 ("The issue before this Court is … narro[w]: whether Petitioner's continued civil immigration detention remains constitutionally justified under the particular facts presented here."). The Executive Branch adjudicates questions concerning removal, however, and the Judiciary reviews those determinations only in the courts of appeals. 8 U.S.C. §§ 1229a(a), 1252(a)(1). That does not necessarily leave Leyva without redress; he can appeal to the BIA, and then if necessary to the court of appeals, to challenge his removal order. But this Court lacks the authority to review the immigration judge's decision.

Even if the Court reached the merits of the motion to stay, Leyva's request would appear to fail. Even in circumstances when a stay is available, the movant must "ma[ke] a strong showing that he is likely to succeed on the merits," demonstrate that he "will be irreparably injured absent a stay," *and* show that the stay will not "substantially injure" the Government. *Nken v. Holder*, 556 U.S. 418, 434 (2009). That showing is not apparent here.*

Leyva argues that he will be "success[ful] on the merits" because he is likely to show that his "ongoing detention … violates the Due Process Clause." Motion at 4. The unlawfulness of his detention is indeed the central question in his habeas petition. But neither the petition nor the motion makes any argument—much less a "strong showing"—that Leyva will be successful in challenging his removal order. *Nken*, 556 U.S. at 434. And since removal—not detention—is the matter for which Leyva seeks a stay, he must provide an argument that he will succeed on the merits of the *removal* appeal. *See Brooks v. Bobby*, 660 F.3d 959, 961 (6th Cir. 2011) (requiring petitioner to prove "likelihood he will succeed on the merits of *the appeal*" at issue) (quoting *Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011)). He fails to make any such showing in his motion or his habeas petition.

* Nor is this obviously the right forum to offer such a showing, given Leyva's representation (at 3) that he "has been relocated to an active deportation staging hub in Louisiana."

Leyva also asserts that he would be "irreparabl[y] harm[ed]" if removed. *See* Motion at 4. But as the Supreme Court has explained, "the burden of removal alone cannot constitute the requisite irreparable injury." *Nken*, 556 U.S. at 435. Leyva should still be able to "pursue his petition for review," and if he "prevails can be afforded effective relief by facilitation of his return, along with restoration of the immigration status he had upon removal." *Id.* (cleaned up).‡

Leyva fares no better by arguing that removal would moot this habeas case. True, if removed, Leyva will no longer be able to seek relief on this unlawful-detention claim. But that is because removal would end the allegedly unlawful detention of which he complains—albeit not in the way he prefers. Leyva would therefore need to demonstrate some *other* irreparable harm to justify a stay. Because he does not provide any "additional arguments showing why his removal during appeal would cause him irreparable harm," he cannot satisfy this necessary precondition to temporary judicial relief. *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025).

Leyva finally argues that the stay would bring "no harm to the government" because it would "merely … ensur[e] that federal enforcement agencies adhere to constitutional due process and that non-citizens are not summarily removed on defective notice." Motion at 5. This argument, however, only highlights that the BIA and the court of appeals—not this Court—are the proper institutions from which to seek a stay. *See* 8 C.F.R. § 1003.6(a)–(b); 8 U.S.C. § 1252(b)(3)(B). And in any event, as the Supreme Court has recognized, "[t]here is always a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings" established by Congress. *Nken*, 556 U.S. at 436.

Leyva fails to demonstrate a likelihood of success on the merits of his removal appeal. Nor does he establish that the absence of a stay will irreparably harm him. And because a stay would prejudice the Government's interests, the *Nken* factors do not support one.

‡ Leyva asserts that removal would "permanently ba[r] … his pending Cuban Adjustment Act application." Motion at 4. As explained, however, removal does not usually foreclose merits litigation regarding an alien's status—and Leyva offers no explanation of why the Cuban Adjustment Act might mark an exception to this principle. Neither does he offer any reason to think that theory is likely to succeed in any event.

## ORDER

Because Leyva seeks relief that lies beyond this Court's authority to offer, and because he would fall short in any event of showing "that the Court should exercise its discretion to award this extraordinary form of equitable relief," *Sarkisov*, 138 F.4th at 979, the Court denies the motion for a stay (DN 11).

Benjamin Beaton, District Judge
United States District Court

August 14, 2026